**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2519-15T2

C.R.,

      Plaintiff-Respondent,

  v.

G.G.,

      Defendant-Appellant.

_____

Submitted May 16, 2017 — Decided June 2, 2017

Before Judges Fisher and Vernoia.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Passaic County, Docket No. FV-16-0501-16.

Paul E. Fernandez, attorney for appellant (G.G., on the pro se brief).

Respondent has not filed a brief.

PER CURIAM

Plaintiff C.R. commenced this action, pursuant to the Prevention of Domestic Violence Act (the Act), N.J.S.A. 2C:25-17 to -35, alleging his former girlfriend — defendant G.G. — sent him numerous text messages and made numerous telephone calls to him of a harassing nature. Following a trial on October 6, 2015, at which both self-represented parties testified, the judge found

plaintiff and his version of the events to be credible and entered a final restraining order. With counsel, defendant unsuccessfully moved for reconsideration.

Defendant appeals, arguing:

> I. THE COURT OMITTED MAKING A FINDING AS TO WHETHER A FINAL RESTRAINING ORDER WAS REQUIRED FOR THE PLAINTIFF'S PROTECTION OR TO PREVENT FUTURE ABUSE; AND THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT SUCH A FINDING.

> II. BY CUTTING OFF THE UNREPRESENTED DEFENDANT'S TESTIMONY; FAILING TO EXAMINE HER DOCUMENTARY PROOFS; AND FAILING TO CONDUCT CROSS-EXAMINATION OF THE PLAINTIFF (WHEN IT DID CONDUCT CROSS-EXAMINATION OF THE DEFENDANT), THE COURT VIOLATED THE DEFENDANT'S DUE PROCESS RIGHTS TO PRESENT EVIDENCE AND CROSS-EXAMINE THE WITNESS AGAINST HER.

We find insufficient merit in these arguments to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E). We add only a few brief comments.

We start by recognizing that defendant does not challenge the judge's finding that she was in a relationship with plaintiff that would bring the dispute within the Act, see N.J.S.A. 2C:25-19(d), or the judge's finding that a predicate act, as defined in N.J.S.A. 2C:25-19(a), occurred. She argues only that: (1) the judge did not determine, as required by Silver v. Silver, 387 N.J. Super. 112, 126-27 (App. Div. 2006), that a final restraining order was necessary to protect plaintiff from future domestic violence; and

2

(2) her right to cross-examine, or to testify on her own behalf, was inhibited by the judge's conducting of the trial, see J.D. v. M.D.F., 207 N.J. 458, 481 (2011); Peterson v. Peterson, 374 N.J. Super. 116, 124-25 (App. Div. 2005).

As for the first issue, the judge did not, at the conclusion of the trial, express whether there was a need for a final restraining order to prevent future harassment, as required by Silver. Although it seems to us that finding was implicit in the judge's decision, as we have observed, defendant moved for reconsideration. In ruling on that motion, the judge assumed, as defendant argued, that she had overlooked that aspect, and she then added the necessary finding. The judge stated that defendant's conduct had affected plaintiff's children, as well as the mother of those children. And the judge relied on: plaintiff's testimony "that this was not an isolated incident"; that defendant had not shown "remorse"; and that "further harassment" "seemed extremely likely." These findings comport with the requirements of Silver and are entitled to our deference. See Cesare v. Cesare, 154 N.J. 394, 412 (1998).

We also reject defendant's argument that she was deprived of the right of cross-examination. The record reveals that the judge offered defendant that opportunity. And the record demonstrates that, when offered, defendant chose not to ask questions but opted,

instead, to begin her testimony. The judge attempted to guide or assist defendant but eventually recognized defendant only wanted to tell her side of the story. The judge handled the situation properly. Domestic violence trials are often, as we have said, "brief, loosely-conducted affairs." N.B. v. S.K., 435 N.J. Super. 298, 308 n.12 (App. Div. 2014). The judge offered defendant the opportunity to cross-examine, conducted her own examination of both witnesses, and showed great patience with defendant and her frequent interruptions of the proceedings. Defendant received all the process due under the circumstances.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION